Hart, J.
The question involved is whether, under the circumstances of this case, Parrish is liable for the sales tax on sales of both liquor and food at such place of business.
Parrish claims that, as the operator of the place of business engaged in the sale of liquor, he was not the vendor of the food sold and is not liable for the tax on such latter sales. The oral business arrangement between Parrish and the parties whom he secured to operate the dining room branch of the business was very indefinite in terms. He turned over rent free the furnished dining room and kitchen with equipment to Moore and Gabowitz. Parrish’s customers were served at the bar and in the dining room. Sales slips were so made that sales of food and taxes thereon were kept separately from sales of liquor and taxes thereon. The moneys were handled through Parrish’s cash registers, and at the end of a day or several days Parrish would give Moore and Gabowitz all money for food sales less sums advanced by him for merchandise delivered to the dining room kitchens. Moore and Gabowitz furnished some sales tax stamps from their other places of business. The taxes in dispute arise from a failure to collect sufficient moneys for sales tax and to purchase sales tax stamps for the sales of food. Parrish held in his name the only vendor’s license for the operation of the entire business. All sales were rung up on his cash registers and all taxes that were collected were collected through his cash registers and with his knowledge.
The Tax Commissioner imposed the tax in question against Parrish, under the provisions of Sections 5546-1 to 5546-47, General Code.
*278 The pertinent part of Section 6064-15, General Code, is as follows:
“Permit D-5: A permit to the owner or operator of a night club to sell beer and any intoxicating liquor, at retail, only by the individual drink in glass and from the container, for consumption on the premises where sold, only at tables where meals are served * * (italics supplied.)
To operate under a D-5 liquor permit the holder is obliged, under the conditions of the permit itself, to provide facilities for the serving of food at tables. If he does not conduct the operation himself, he is obliged to have others provide the food service. In the instant case, it is quite apparent that Parrish used the dining room service for that purpose and reaped the entire profit from the liquor sales in the dining room.
Section 5546-1, General Code, defines the terms, “person,” “vendor” and “retail establishment,” within the contemplation of the retail Sales Tax Act, as follows:
“ ‘Person’ includes individuals, firms, partnerships, associations, joint stock companies, corporations, and combinations of individuals of whatsoever form and character.
( C # * *
“ ‘Vendor’ means the person by whom the transfer effected or license given by a sale is or is to be made or given; and in case two or more persons shall be engaged in business in the same retail establishment under a single trade name in which all collections on account of sales by each are made, such persons shall constitute a single vendor for the purpose of this act.
( Í :X: # *
“ ‘Retail establishment’ means any premises in which the business of selling tangible personal prop *279 erty is conducted or in or from which any retail sales are made.” (Italics supplied.)
Parrish did not require Moore and Gabowitz to secure permits to sell and dispense liquor in connection with the operation of the dining room, which would have been necessary if the dining room was operated as a separate unit. On the contrary, Parrish permitted the operation of a dining room under and by virtue of his own license, showing substantial unity in operation.
We are of the opinion that the decision of the Board of Tax Appeals is not unreasonable or unlawful. It is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taet and Matthias, JJ., concur.
Middleton, J., concurs in the syllabus but dissents from the judgment.